

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:14-CR-087-O(4) |
| | § | |
| REGINALD GUY | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Defendant Reginald Guy has filed a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a criminal case.

B. PARTIES

The United States of America and Defendant Reginald Guy.

C. LEGAL ANALYSIS

Defendant Reginald Guy has filed, on June 8, 2016, a motion for leave to proceed in forma pauperis and accompanying application to proceed in forma pauperis. In this case, however, the direct appeal was already resolved, and nothing else is pending before the Court. Defendant Guy refers in the motion to possibly filing a "post-conviction challenge." If Guy does challenge his conviction in this Court under 28 U.S.C. § 2255, no filing fee will be required to pursue such relief. *See, e.g., Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir. 1997)(no filing fee

required in § 2255 proceedings); *Wood v. Jenkins,* 914 F.2d 260, 1990 WL 127567, *3 (7th Cir. 1990)(noting that a § 2255 motion is filed as a part of the criminal case with no filing fee required).

Guy also appears to be seeking to proceed in forma pauperis in order to obtain copies of court records and transcripts at government expense. Although 28 U.S.C. § 2250 authorizes the court to provide copies of documents to an indigent movant, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."[1] The United States Court of Appeals for the Fifth Circuit has upheld a district court's denial of a request for copies of Court records where the defendant did not have a § 2255 motion on file.[2] At this time, Guy has not submitted a motion seeking relief under 28 U.S.C. § 2255. As he has not filed a motion for relief under 28 U.S.C. § 2255, he is not entitled to copies of court papers and transcripts in an effort to search for possible error.

As Guy has not sought substantive relief that requires him to pay a fee or proceed in forma pauperis, and as he is not entitled to obtain free copies of transcripts and court records even if he is indigent, the motion to proceed in forma pauperis must be denied.

---

[1] *Walker v. United States,* 424 F.2d 278, 279 (5th Cir. 1970)(citations omitted).

[2] *United States v. Agbomire,* 2007 WL 2597594, at *1, 239 F. App'x. 929, 929-930 (5th Cir. 2007).

2

RECOMMENDATION

It is therefore RECOMMENDED that Defendant Reginald Guy's June 8, 2016 motion to proceed in forma pauperis [docket no. 269] be DENIED by the district judge.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1)

(extending the deadline to file objections from ten to fourteen days).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until June 27, 2016 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED June 13, 2016.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE